# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

Case Name:  *Colorado Outfitters Ass'n, et al. v. Hickenlooper*

Appeal No. (if available) :   14-1290

Court/Agency Appeal From:    United States District Court for the District of Colorado

Court/Agency Docket No.: No. 13CV1300-MSK-MJW District Judge: Marcia S. Krieger

Party or Parties filing Notice of Appeal/Petition: Colorado Outfitters Association; Colorado Farm Bureau; National Shooting Sports Foundation; Magpul Industries; Colorado Youth Outdoors; USA Liberty Arms; Outdoor Buddies, Inc.; Women for Concealed Carry; Colorado State Shooting Association; Hamilton Family Enterprises, Inc., d/b/a Family Shooting Center at Cherry Creek State Park; David Bayne; Dylan Harrell; Rocky Mountain Shooters Supply; 2nd Amendment Gunsmith & Shooter Supply, LLC; Burrud Arms Inc. d/b/a Jensen Arms; Green Mountain Guns; Jerry's Outdoor Sports; Specialty Sports & Supply; Goods for the Woods.

I. **TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

   A. **APPEAL FROM DISTRICT COURT**

   1. Date notice of appeal filed: July 28, 2014

      a. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal: No motion for an extension of time was filed.

      b. Is the United States or an officer or an agency of the United States a party to this appeal?   No.

   2. Authority fixing time limit for filing notice of appeal:

Fed. R. App. 4 (a)(1)(A) __X__    Fed. R. App. 4(a)(6) ____
Fed. R. App. 4 (a)(1)(B) ____     Fed. R. App. 4(b)(1) ____
Fed. R. App. 4 (a)(2) ____        Fed. R. App. 4(b)(3) ____
Fed. R. App. 4 (a)(3) ____        Fed. R. App. 4(b)(4) ____
Fed. R. App. 4 (a)(4) ____        Fed. R. App. 4(c) ____
Fed. R. App. 4 (a)(5) ____
Other: _____

3. Date final judgment or order to be reviewed was filed and **entered** on the district court docket:   June 26, 2014

4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).  Yes

**(If the order being appealed is not final, please answer the following questions in this section.)**

    a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done? n/a

    b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? n/a

    c. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable? n/a

5. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    a. Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court: No such motions were filed.

    b. Has an order been entered by the district court disposing of any such motion, and, if so, when? n/a

B. **REVIEW OF AGENCY ORDER**  (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

1. Date petition for review was filed: n/a

2. Date of the order to be reviewed: n/a

3. Specify the statute or other authority granting the court of appeals jurisdiction to review the order: n/a

4. Specify the time limit for filing the petition (cite specific statutory section or other authority):  n/a

C. **APPEAL OF TAX COURT DECISION**

1. Date notice of appeal was filed: n/a
(If notice was filed by mail, attach proof of postmark.)

2. Time limit for filing notice of appeal: n/a

3. Date of entry of decision appealed: n/a

4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)  n/a

II. **LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).** If none, please so state.

<u>There is a related appeal in this Court arising from the same district court case. A separate group of plaintiffs, consisting of Colorado sheriffs and one retired law enforcement officer, filed an appeal designated as 14-1292.</u>

III. **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE PRESENT ACTION AND RESULT BELOW.**

This case involves two statutory enactments impacting firearm use and possession in Colorado. First, Colorado Revised Statute sections 18-12-301 to -303 (often referred to in the record as House Bill 1224) prohibit the sale or possession of magazines for firearms "capable of accepting," or "designed to be readily converted to accept," more than 15 rounds of ammunition, and imposes criminal penalties upon any person found in violation. The enactment also requires that all magazines of more than 15 rounds manufactured after the effective date must bear a stamp reflecting the manufacture date. These provisions became effective on July 1, 2013.

Second, section 18-12-112 (often referred to in the record as House Bill 1229) requires a background check for the private transfer (including both private sales and temporary loans lasting more than 72 hours) of any firearm. The background check must be conducted by a federally licensed firearms dealer ("FFL"), and both the transferor and the transferee must be present. No FFL, however, is required to conduct such background checks, and the statute caps the fee that FFLs can charge at $10. The violation of 18-12-112 is deemed a Class 1 misdemeanor, and any violators are prohibited from possessing a firearm for two years from the date of conviction. Section 18-12-112 also became effective on July 1, 2013.

A group of Colorado individuals, manufacturers, non-profit organizations, federally licensed firearms dealers, and county sheriffs filed a complaint against the Governor of the State of Colorado asserting that various aspects of sections 18-12-112 and -302 violate the Second Amendment and Fourteenth Amendments to the United States Constitution. Additionally, certain plaintiffs, including Dylan Harrell, David Bayne, and Outdoor Buddies, Inc., argued that the statutes violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.

After written discovery and depositions, the parties filed a Joint Rule 702 motion (pursuant to Chief Judge Krieger's court procedures) to strike certain of one another's experts and expert opinions.

A bench trial was held from March 31 to April 10, 2014, after which the trial court took the matter under advisement. On June 26, 2014, the court issued a 50-page decision captioned "Findings of Fact, Conclusions of Law, and Order." The court rejected each of Plaintiffs' claims, holding that the challenged statutes comply with the Second and Fourteenth Amendments to the United States Constitution, and that there was no violation of the ADA. The 50-page opinion did not specifically rule upon the parties' respective Rule 702 motions.

IV. **ISSUES RAISED IN THIS APPEAL.**

1. Did the district court err in holding that section 18-12-302 of the Colorado Revised Statutes does not violate the Second and Fourteenth Amendments to the United States Constitution?

2. Did the district court err in holding that section 18-12-112 of the Colorado Revised Statutes does not violate the Second and Fourteenth Amendments to the United States Constitution?

3. Did the district court apply the wrong level of constitutional scrutiny in evaluating whether sections 18-12-302 and 18-12-112 violate the Second and Fourteenth Amendments?

4. Did the district court err in its application of constitutional scrutiny by considering evidence that had never been presented to the state legislature at the time it enacted the challenged statutes?

5. Did the court err in determining that the "Technical Guidance" issued by the Attorney General eliminated any credible threat of prosecution under section 18-12-301, thereby depriving all Plaintiffs of standing to challenge the vagueness of the phrase "designed to be readily converted"?

6. Did the district court err in failing to rule on Plaintiffs-Appellants' Joint Motion to Strike Expert Testimony pursuant to Fed. R. Evid. 702, especially where such failure has denied this Court the opportunity to gauge whether the District Court adequately performed its gatekeeping function?

7. Did the district court err in holding that sections 18-12-112 and 18-12-302 of the Colorado Revised Statutes do not violate Title II of the Americans with Disabilities Act?

V. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

A. Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed?  N/A

B. If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? N/A

C. Describe the sentence imposed.  N/A

D. Was the sentence imposed after a plea of guilty?  N/A

E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? N/A

F. Is defendant on probation or at liberty pending appeal? N/A

G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? N/A

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the clerk of the district court with a copy filed in the court of appeals.

**VI. ATTORNEY FILING DOCKETING STATEMENT:**

Name**:** Peter J. Krumholz     Telephone: 720-904-6010

Firm: Hale Westfall, LLP

Email Address: pkrumholz@halewestfall.com

Address: 1600 Stout St., Suite 500, Denver, CO 80202

**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

A. __X__     Appellant

_____     Petitioner

_____     Cross-Appellant

B. **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

    __ X __    Retained Attorney

    _____    Court-Appointed

    _____    Employed by a government entity
                    (please specify_____)

    _____    Employed by the Office of the Federal Public Defender.

s/Peter J. Krumholz                      August 8, 2014
Signature                                                 Date
Attorney at Law

**NOTE:** A copy of the court's Findings of Fact, Conclusions of Law, and Order (filed Jun. 26, 2014) and Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (filed Nov. 27, 2013) is attached. In addition, certain oral orders from a December 19, 2013 status hearing and a February 20, 2014 pretrial conference are being appealed from, but have not yet been transcribed. Those transcripts will be supplied as soon as they become available.

The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF may be found on the court's website, www.ca10.uscourts.gov.

This Docketing Statement must be accompanied by proof of service.

The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, Peter Krumholz, attorney for Appellants, hereby certify that on August 8, 2014, I served via CM/ECF a copy of the foregoing **Docketing Statement,** to counsel for the Appellee:

    Matthew Grove           matt.grove@state.co.us

    Kathleen Spalding        kit.spalding@state.co.us

    Daniel D. Domenico      dan.domenico@state.co.us

    Stephanie Scoville       stephanie.scoville@state.co.us

    LeeAnn Morrill          leeann.morrill@state.co.us

As well as on counsel for all other Appellants:

    David B. Kopel           david@i2i.org

    Jonathan M. Anderson    jmanderson@hollandhart.com

    Douglas Abbott          dabbott@hollandhart.com

    Marc F. Colin            mcolin@bcjlpc.com

    Anthony J. Fabian        fabianlaw@qwestoffice.net

s/Peter J. Krumholz                      August 12, 2014
Signature                                   Date

Peter J. Krumholz
Hale Westfall LLP
1600 Stout St., Suite 500
Denver, CO 80202