# UNITED STATES CIRCUIT COURT OF APPEALS
# FOR THE TENTH CIRCUIT

No. 14-1292

JIM BEICKER, *et al.*,

*Plaintiffs-Appellants* v.

JOHN HICKENLOOPER,

*Defendant-Appellee*

On Appeal from the United States District Court for the District of Colorado, the Honorable Chief Judge Marcia S. Krieger

## UNOPPOSED MOTION TO FOR LEAVE TO FILE OVERSIZED BRIEF

David B. Kopel

*Counsel of record*

INDEPENDENCE INSTITUTE

727 East 16th Ave.

Denver, Colorado 80203

(303) 279-6536

Counsel for Sheriffs & David Strumillo

May 18, 2015

Plaintiffs-Appellants Sheriffs and David Strumillo respectfully move for an enlargement of the permissible word count for their reply brief to 10,000. The brief is due May 26. Pursuant to Tenth Circuit Local Rule 28.3, the following are the extraordinary and compelling circumstances for expansion of the word count, and the explanation for why this motion was not filed on or before May 12, 2015.

1. This case is one of two consolidated appeals arising from *Colorado Outfitters Assn. et al. v. Hickenlooper*, Case No. 13-cv-01300-MSK-MJW (D. Colo).

2. Following a nine day bench trial in April 2014, the District Court issued a 50 page written opinion. In November 2013, the District Court had issued a 23 page written opinion dismissing one of the plaintiffs' claims, and dismissing all of the Sheriffs as parties. This appeal involves both of those opinions.

3. As noted by Defendant in his April motion to file an oversized response brief, there are "at least twelve separate issues to be considered by this Court. Several of these issues are constitutional

questions of first impression in this Circuit or nationwide."

4. Besides Defendant's 23,907 word response brief, there are four amicus briefs in support of Defendant, each of which is well over 6,000 words. The amicus briefs raise legal theories and facts not contained in the District Court's opinion.

5. For example, Defendant adverts in a footnote to the theory that magazines holding 16 to 30 rounds are "dangerous and unusual," and thus receive no Second Amendment protection. Defendant's Response Brief at 47, n. 12. Although not contained in the opinion below, the argument is developed in the amicus briefs of New York, the Law Center to Prevent Gun Violence, and the Brady Center.

6. The Law Center and the Brady Center amicus briefs also raise a theory not in the opinion below or in Defendant's brief: that 16-30 round magazines are "accessories" rather than "arms," and hence are not relevant to the Second Amendment.

7. While the record below contains much empirical evidence that must be discussed, all amicus briefs include extensive, extra-record empirical evidence.

8. Between the January 16, 2015, filing of the Sheriffs' Opening Brief, and the April 22, 2015, filing of Defendant's response brief, counsel for the Sheriffs worked extensively to research, study, and prepare for the writing of the reply brief. Since April 22, 2015, counsel for Sheriffs has been working almost all waking hours, including weekends, on drafting the reply brief.

9. Counsel for all Appellants have been coordinating closely, to avoid duplication. By agreement among the Appellants, the Sheriffs' brief will contain the major discussion of the core legal issue in the case: the selection and structure of the general standard of review in Second Amendment cases for statutes that apply to law-abiding citizens.

10. Only after 25 full days of research, drafting, and revision has it become possible to provide this court with a reasonable estimate of requested words. Any prior motion would, as matter of prudence, have required requesting a larger number of words.

11. Counsel has conferred with Matthew Grove, counsel for Defendant, concerning this motion. Mr. Grove indicated that he has no objection to the relief requested herein.

WHEREFORE, Plaintiffs-Appellants Sheriffs and David Strumillo respectfully request that this Court issue an order setting a limit of 10,000 words for their reply brief.

Respectfully submitted this 18th day of May, 2015.

>David B. Kopel
>*Counsel of record*
>INDEPENDENCE INSTITUTE
>727 East 16th Ave.
>Denver, Colorado 80203
>(303) 279-6536
>david@i2i.org
>*Counsel for* Sheriffs and David Strumillo

# CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on May 18, 2015, I served the foregoing brief via the CM/ECF system for the United States Court of Appeals for the Tenth Circuit, which will distribute the brief to all attorneys of record in this case and in the related case of 14-1290:

| | |
|---|---|
| Matthew Grove | matt.grove@state.co.us |
| John T. Lee | jtlee@state.co.us |
| Molly Moats | Molly.Moats@state.co.us |
| Jonathan Fero | jon.fero@state.co.us |
| Kathleen Spalding | kit.spalding@state.co.us |
| Stephanie Scoville | stephanie.scoville@state.co.us |
| LeeAnn Morrill | leeann.morrill@state.co.us |
| Richard Westfall | RWestfall@halewestfall.com |
| Peter Krumholz | PKrumholz@halewestfall.com |
| Douglas Abbott | dabbott@hollandhart.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

Virus scan certification: the digital form of this motion

submitted to the Court was scanned for viruses using Microsoft Security Essentials, antivirus versions 1.197.2821.0 (most recent virus definition downloaded on May 17, 2015), and according to the program, the document is virus free.

No privacy redactions were necessary.

s/David B. Kopel

INDEPENDENCE INSTITUTE

727 East 16th Ave.

Denver, Colorado 80203

(303) 279-6536

*Counsel for* Sheriffs and David Strumillo

May 18, 2015.