# THE LAW OFFICES
# OF
# DAVID A. HELMER, LLC

DAVID A. HELMER
-----------------------------
NATALIE J. FRENCH
WM. ALEX MARSH
JOSEPH G. S. GREENLEE

611 MAIN STREET
P. O. BOX 868
FRISCO, CO 80443-0868

TELEPHONE (970) 668-0181
DENVER (303) 674-2118
FAX (970) 668-3294

September 10, 2015

FILED VIA CM-ECF

Elisabeth A. Shumaker, Clerk
United States Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

RE: Colorado Outfitters Association, e*t al.*, v. John W. Hickenlooper: Case No. 14-1290
Jim Beicker, *et al.*, v. John W. Hickenlooper: Case No. 14-1292

Dear Ms. Shumaker:

Appellants respectfully request, under Rule 28(j) of the Federal Rules of Appellate Procedure, that the Court consider the following supplemental authority in support of the referenced arguments.

Appellants argue that HB1224 and HB1229 violate Title II of the Americans with Disabilities Act. NonprofitBr.51-60; NonprofitReplyBr.25-31. The trial court held, and Appellee maintains on appeal, that statutes which "merely embody a criminal prohibition on conduct generally applicable to all persons" cannot violate Title II. Op.49; Def.Br.88-94. In *Anderson v. City of Blue Ash*, No.14-3754, 2015 WL 4774591 (6th Cir. Aug. 14, 2015), the court applied Title II to an ordinance banning horses from residential property; that ordinance was a generally applicable

criminal prohibition on conduct. *Id.* at *12-13 (upholding ordinance because city's efforts to accommodate plaintiff belied the accusation of discriminatory intent).

*Anderson* also provides guidance as to what constitutes a fundamental alteration. Appellee argues that "[c]arving out an exception for disabled individuals would increase the avenues for illegal acquisition by non-disabled individuals, thereby fundamentally altering the nature and effectiveness of the restriction." Def.Br.100. In responding to a similar argument, the *Anderson* court noted, "we have long since rejected the notion that making an exception to a zoning scheme to permit something that would normally be forbidden automatically amounts to a fundamental alteration." 2015 WL 4774591 at *18. The court held that there were genuine disputes of fact concerning whether an accommodation would "fundamentally alter" the city's zoning scheme, and remanded to the district court. *Id. Anderson* therefore refutes the notion that an accommodation or exception from a generally applicable rule automatically results in a "fundamental alteration." Rather, the issue requires "a highly fact-specific inquiry." *Id.* at *17 (quoting *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 541-42 (6th Cir. 2014)).

                                                Sincerely,


                                            */s/* Joseph G.S. Greenlee


cc:    Matthew Grove
       Jonathan Fero
       John T. Lee
       Molly Allen Moats
       Kathleen Spalding
       Stephanie Scoville
       LeeAnn Morrill
       David B. Kopel
       Peter Krumholz
       Richard Westfall
       Douglas Abbott
       Marc F. Colin
       Anthony J. Fabian