

office | 720.904.6010
direct | 720.904.6007
fax | 720.904.6020
pkrumholz@halewestfall.com
1600 Stout Street, Suite 500
Denver, Colorado 80202
www.**halewestfall**.com

Peter J. Krumholz | Attorney

September 22, 2015

FILED VIA CM-ECF

Elisabeth A. Shumaker, Clerk
United States Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO  80257

RE:  Colorado Outfitters Association, e*t al.*, v. John W. Hickenlooper: Case No. 14-1290
Jim Beicker, *et al.*, v. John W. Hickenlooper: Case No. 14-1292

Dear Ms. Schumaker:

Pursuant to Rule 28(j), undersigned counsel advises this Court of a recent decision of the D.C. Circuit Court of Appeals.

The Sheriff Plaintiffs argue that intermediate scrutiny requires a law to be narrowly tailored to serve a significant government interest, meaning that the law "must not burden substantially more … than necessary to further the government's legitimate interests." Sheriffs Op.Br. at 38 (quoting *McCullen v. Coakley*, 134 S. Ct. 2518, 2529, 2535 (2014)). Defendant argues that the *McCullen* standard is inapplicable in the Second Amendment context. Ans.Br. at 17-23.

In *Heller v. District of Columbia*, -- F.3d --, 2015 WL 5472555 (D.C. Cir. Sept. 18, 2015) (*"Heller III"*), the court addressed the constitutionality of certain gun laws, and expressly held that for a gun regulation to survive intermediate scrutiny, the government must show that the regulation is not "substantially broader than necessary to achieve" the government's asserted

interest. *Id.* at *5. The court also cited *McCullen* favorably, quoting the same language quoted by the Sheriffs. *Id.* at *10. Indeed, even the dissenting judge agreed that *McCullen* is controlling. *Id.* at *19.

All Plaintiffs also argue that intermediate scrutiny requires that a statute must advance the government's asserted interest "in a direct and material way." Sheriffs Op.Br. 45-46; Non-Profit Op.Br. at 28-29. In support, Plaintiffs cited *Edenfield v. Fane*, 507 U.S. 761, 770-71 (1993), a First Amendment decision, and *Turner Broadcasting v. FCC*, 512 U.S. 622, 664 (1994) (applying "direct and material" standard in commercial speech context). Defendant argues that *Edenfield* arose in "a very different context," and therefore the "direct and material" standard has no application in the Second Amendment context. Ans.Br. at 23-25, 43.

In *Heller III*, the court utilized the "direct and material" standard. *Id.* at *5, 7 (quoting *Turner*, 512 U.S. at 664). Applying the *McCullen* and "direct and material" standards, the D.C. Circuit struck down several gun regulations, including the requirement that gun owners bring their firearms to the police station in order to register them, that they re-register their firearms every three years, and that gun owners may only register one handgun per month.

        Sincerely,

        *s/*Peter J. Krumholz
        Peter J. Krumholz

cc: Matthew Grove
   Jonathan Fero
   Kathleen Spalding
   Stephanie Scoville
   LeeAnn Morrill
   David B. Kopel
   Joseph G.S. Greenlee
   Richard Westfall
   Douglas Abbott
   Marc F. Colin
   Anthony J. Fabian