**CYNTHIA H. COFFMAN**
Attorney General

**DAVID C. BLAKE**
Chief Deputy Attorney General

**MELANIE J. SNYDER**
Chief of Staff

**FREDERICK R. YARGER**
Solicitor General



**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 6th Floor
Denver, Colorado 80203
Phone (720) 508-6000

State Services Section

October 21, 2015

Elisabeth Shumaker, Clerk
United States Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

RE:  Notice of supplemental authority, *Colorado Outfitters Assn. et al.
     v. Hickenlooper*, Case No. 14-1290; *Beicker, et al. v. Hickenlooper*,
     Case No. 14-1292

Dear Ms. Shumaker:

Attached is the Second Circuit's opinion in *New York State Rifle
and Pistol Ass'n, et al. v. Cuomo*, Nos. 14-36-cv and 14-319-cv (2d Cir.
Oct. 19, 2015) ("*NYSRPA*").

*NYSRPA* involved challenges to laws enacted in New York and
Connecticut in 2013 that, among other things, banned possession of
magazines capable of accepting more than ten rounds of ammunition.
Applying intermediate scrutiny, the Second Circuit affirmed the
constitutionality of the ten-round magazine capacity limitations.

The Second Circuit's articulation of the intermediate scrutiny
standard is consistent with the formulation advanced by the Governor
here.  The court held that "[t]o survive intermediate scrutiny, the fit
between the challenged regulation and the government interest need
only be substantial, not perfect." Slip op. at 37 (internal quotations and
alteration omitted).  It rejected the notion that intermediate scrutiny in
the Second Amendment context requires a showing "that the statute is
'narrowly tailored' or the 'least restrictive available means to serve the
stated governmental interest,'" and emphasized that the court's role

was "only to assure ourselves that, in formulating their respective laws, New York and Connecticut have "drawn reasonable inferences based on substantial evidence." *Id.* (internal quotations omitted).

In affirming the district court's ruling, the Second Circuit also cited record evidence that large-capacity magazines "are disproportionately used in mass shootings," and that shootings involving the use of LCMs result in "more shots fired, persons wounded, and wounds per victim than do other gun attacks." *Id.* at 43. The Governor made a similar evidentiary showing in this case, one that "fairly support[ed]" the Colorado General Assembly's rationale.[1] *Id.* at 38.

Because it upheld two state laws that are substantially more restrictive than those challenged here, the Second Circuit's opinion in *NYSRPA* supports affirmance of the district court's holding.

Sincerely,

FOR THE ATTORNEY GENERAL

*s/ Matthew D. Grove*
MATTHEW D. GROVE
Assistant Solicitor General
Public Officials Unit
State Services Section
720 508-6157
720 508-6041 (FAX)
Email: matt.grove@state.co.us

cc:   All counsel of record (submitted via CM/ECF)

---

[1] The Second Circuit also struck down a "load limit" law that permitted ownership of ten-round magazines but prohibited them from being *loaded* with more than seven rounds. Slip op. at 43-44. This law, unlike the high-capacity magazine ban, did not serve the state's interests because it would not "reduce the number of ten-round magazines in circulation." *Id.*