# THE LAW OFFICES
# OF
# DAVID A. HELMER, LLC

DAVID A. HELMER
-----------------------------
NATALIE J. FRENCH
WM. ALEX MARSH
JOSEPH G. S. GREENLEE

611 MAIN STREET
P. O. BOX 868
FRISCO, CO 80443-0868

TELEPHONE (970) 668-0181
DENVER (303) 674-2118
FAX (970) 668-3294

October 26, 2015

FILED VIA CM-ECF

Elisabeth A. Shumaker, Clerk
United States Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

RE:  Colorado Outfitters Association, e*t al.*, v. John W. Hickenlooper: Case No. 14-1290
Jim Beicker, *et al.*, v. John W. Hickenlooper: Case No. 14-1292

Dear Ms. Shumaker:

Defendant argues that *New York State Rifle & Pistol Ass'n v. Cuomo*, No. 14--319--CV, 2015 WL 6118288 (2d Cir. Oct. 19, 2015) ("*NYSRPA*") supports affirmance of the district court's holding. But the Second Circuit applied a weaker intermediate scrutiny test than the Tenth Circuit's version. Unlike the Second Circuit, the Tenth Circuit mandates consideration of less burdensome alternatives. In *United States v. Reese*, this Court upheld the challenged law only after determining that there was not "a severable subcategory of persons as to whom the statute is unconstitutional." 627 F.3d 792, 803 (10th Cir. 2010). In *Bonidy v. United States Postal Serv.*, this Court upheld the challenged law only after determining that an "alternative system" would likely "be wasteful and administratively unworkable, and would raise new problems…." 790 F.3d 1121,

1128 (10th Cir. 2015). As in previous Second Amendment cases in this Court, less burdensome alternatives must be considered in any intermediate scrutiny analysis.

*NYSRPA* also is unpersuasive because the court misapplied *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425 (2002). The Second Circuit quoted that decision to assert that "[s]o long as the defendants produce evidence that 'fairly support[s]' their rationale, the laws will pass constitutional muster." *NYSRPA* at *10. But that is only the first step of the three-step *Alameda Books* analysis, which requires consideration of the plaintiffs' evidence. 535 U.S. at 438-39.

Even under *NYSRPA*'s very weak variant of intermediate scrutiny, the court invalidated a prohibition on a particular type of pump-action rifle, the Remington-7615. *NYSRPA* at *16 nn.73 & 112. With respect to that rifle, the government had failed "to set forth the requisite 'substantial evidence'" because it concentrated exclusively on semi-automatic firearms and failed to present any evidence whatever regarding the pump-action Remington-7615. *Id.* Similarly, with respect to HB1229, Defendant in this case concentrated exclusively on private sales and failed to present evidence regarding private loans. Nonprofit Op. Br.14-15 & n.12, 31 n.24, 34-38; Nonprofit Reply Br.1-2, 17-18. *NYSRPA* confirms that a law cannot be upheld if no supporting evidence is presented.

                                         Sincerely,


                                    */s/* Joseph G.S. Greenlee


cc:     Matthew Grove
        Jonathan Fero
        John T. Lee
        Molly Allen Moats
        Kathleen Spalding
        Stephanie Scoville
        LeeAnn Morrill
        David B. Kopel
        Peter Krumholz
        Richard Westfall

      Douglas Abbott
      Marc F. Colin
      Anthony J. Fabian